442

### TODD SHIPYARDS CORP. v. LEE & SIMMONS, Inc.

Civ. A. No. 18149.

United States District Court
E. D. New York.

March 25, 1947.

Supplemental Opinion April 1, 1952.

See, also, 109 F.Supp. 595.

Hagen & Eidenbach, New York City, for respondent for motion (Charles W. Hagen, New York City, advocate).

Crowell & Rouse, New York City, for libelant (George Varian, New York City, advocate) opposed.

KENNEDY, District Judge.

Respondent excepts to the libel on grounds which will be made clear later.

On October 1, 1943, libelant chartered from the respondent the derrick lighter St. Nicholas. It is alleged that on October 15, 1943, the boom and mast of St. Nicholas collapsed, and that this occurrence was brought about solely because of the unseaworthy condition of St. Nicholas at the time she went on charter. Libelant claims it then performed necessary repairs, for which it now seeks to be reimbursed.

There was a prior suit between these same parties which terminated in a decree in favor of the respondent, and the parties to the present suit have agreed that, in disposing of the exceptions, I may consider the effect of this decree. I have examined the papers in the prior cause. It was commenced by a libel *in rem* against St. Nicholas, and *in personam* against her owners. The only question litigated (and decided against libelant) was whether libelant had secured a maritime lien against St. Nicholas and a right *in personam* against her owners, because of an express or implied promise by representatives of the owners to pay for the repairs. Judge Inch found that no such promise had been made.

The libel to which the present exception has been filed sets forth an entirely different claim. Here the sole charge is that St. Nicholas was unseaworthy when she went on charter, that the damage was caused by this unseaworthy condition, and that libelant, then a demise charterer in possession, performed repairs on her and is, for that reason, entitled to reimbursement against the owners, even without a promise. The former decree is not *res judicata* here in my opinion. And the only other question raised by the exception is whether a demise charterer, the libelant here, can recover, assuming it establishes everything it charges in its libel. Not all of the cases cited by libelant are in point: for example, in The Maurice R. Shaw, D.C.Me., N.D., 1942, 46 F.Supp. 767, it seems that the owners consented to the making of the repairs by the charterer, and in this libel there is no allegation of consent. Moreover, I should think that Judge Inch's decree establishes that there was no specific consent to the making of the re-

pairs. But, even assuming that to be so, there are circumstances under which a demise charterer can make the owner liable for necessary services to the ship, e. g., The J. W. Hennessy, 2 Cir., 1932, 57 F.2d 77, and, on principle, I do not see why, if the proximate cause of the damage to the chartered ship was her unseaworthy condition when she went on charter, the owner cannot be held liable to the demise charterer for the reasonable cost of such repairs, even where the latter has made them himself.

I overrule the exception.

## Supplemental Opinion

It has been called to my attention that I have failed specifically to pass upon the exceptions that the libel fails (1) to state a cause of action, and (2) to allege the facts upon which libelant relies to support its suit. I overrule these exceptions on the ground that in its present form the libel states a claim that the proximate cause of the damage to the derrick was her unseaworthiness when she went on charter, and that these are the facts upon which libelant relies.